UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| Case No. | **5:26-cv-03858-JMS-PD** | Date | July 15, 2026 |
|---|---|---|---|

| Title | *Rivera-Flores v. Mullin, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    J. Michael Seabright, UNITED STATES DISTRICT JUDGE

| Derek Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER**

On July 12, 2026, Petitioner Naidelyn Naholy Rivera-Flores ("Petitioner") filed an Application for Temporary Restraining Order ("Application for TRO"), *see* ECF No. 2, along with a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), *see* ECF No. 1. The Application for TRO asks the Court to (1) issue a TRO ordering Respondents to: (a) immediately release Petitioner from custody (or require a bond hearing); (b) refrain from removing Petitioner from the United States or taking her from the Central District of California; (c) restore Petitioner to the status quo prior to her detention by reinstating her prior order of supervision; and (d) show cause why Petitioner's application for a preliminary injunction should not be granted; and (2) ultimately grant Petitioner a preliminary injunction.  ECF No. 2 at PageID##10-11, 12-13.

The Application for TRO is DENIED.  Central District of California General Order No. 26-05 already sets an accelerated briefing schedule and process for petitions under § 2241 seeking the type of immigration-related relief sought here.  Under that General Order, Respondents' answer to the Petition is due by July 20, 2026, and any reply is due three days thereafter.  ECF No. 6 at PageID#25.  Further, the General Order requires the government to provide Petitioner at least "two court days' notice" if it intends to remove Petitioner from the Central District of California.  *Id.*  Section 3 of that General Order provides that "applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard briefing schedule or by expediting the briefing schedule."

Here, the Application for TRO does not adequately explain how the harm alleged by Petitioner cannot be addressed by the schedule and process already provided in General Order 26-05.  *Cf. Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that a moving party must show why it "should be allowed to go to the head of the line" to establish why relief cannot be calendared "in the usual manner").  Given the expedited

| CV-90 | **CIVIL MINUTES - GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-03858-JMS-PD** | Date | July 15, 2026 |

| | | | |
|---|---|---|---|
| Title | ***Rivera-Flores v. Mullin, et al.*** | Page | 2 of 2 |

briefing schedule for the Petition itself and notice requirement prior to removal from this district, the Court is not convinced that emergency relief in the form of a TRO is necessary.  Although a short delay could precede a grant of relief based upon the Petition alone (without a TRO), the delay likely would not be substantial.  Considering these factors, as well as a review of the Application for TRO itself, the Court concludes that Petitioner is not entitled to the requested preliminary relief at this time.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (holding, among other requirements, that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief.").

      Accordingly, Petitioner's Application for TRO, ECF No. 2, is DENIED.  As provided in the General Orders 05-07 and 26-05, proceedings on the merits of the underlying Petition will CONTINUE in the normal course initially before the Magistrate Judge assigned to this case.