UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NAIDELYN NAHOLY RIVERA-FLORES,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-03858-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 221-357-742**

Naidelyn Naholy Rivera-Flores ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto Detention Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petition and Respondents' Answer, which does not present an opposition argument. Dkt. No. 10.

## I. Background

The Court incorporates by reference, the allegations in the Petition, which are not contested by Respondents. Dkt. No. 1.

## II. Discussion

As an initial matter, Petitioner's removal order is not administratively final because it is on appeal before the BIA. Consequently, Petitioner's detention does not fall under 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. . . ."); 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals").

Instead, Petitioner's detention is governed by 8 U.S.C. § 1226(a). Pursuant to 8 U.S.C. § 1226(a), on a warrant authorized by the Attorney General, a noncitizen may be arrested and detained pending a decision on whether the noncitizen is to be removed from the United States. 8 U.S.C. § 1226(a). Subject to exceptions not applicable here, ICE may continue to detain the noncitizen or may release them on a bond with security and conditions, or on conditional parole. 8 U.S.C. § 1226(a)(1), (2). At any time, that bond or parole may be revoked and the noncitizen rearrested under the original warrant and detained. 8 U.S.C. § 1226(b).

When the noncitizen is arrested pursuant to § 1226(a), ICE makes an initial custody determination, including consideration of a bond. 8 C.F.R. §§ 236.1(c)(8), 236.1(d). ICE may, in its discretion, release the noncitizen provided they demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons and that the noncitizen is likely to appear for any future proceeding. 8 C.F.R. § 236.1(c)(8).

The Petition argues for release or a bond hearing. At the hearing on this matter, Petitioner argued that there was a basis for release because Petitioner was previously released by immigration authorities under an order

of supervision and was re-detained without a pre-deprivation hearing. Respondents stated that they did not oppose release.

For the reasons set forth below, the Court concludes that Petitioner's re-detention without a pre-deprivation violated her procedural due process rights.

**A. Procedural Due Process**

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the

> fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Petitioner entered the United States near Eagle Pass, Texas on December 30, 2024, was detained by immigration authorities, and then released on an order of supervision on January 9, 2025. Therefore, she resided in the United States for roughly a year and a half before she was re-detained on July 7, 2026. Dkt. No. 1 at 3. She is also married to a U.S. citizen.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where she has not

received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, regardless of the statute that authorized her release, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring her detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited

circumstances, “provided the aliens present neither a security risk nor a risk of absconding”).

The record before the Court does not show any changed circumstances that would suggest Petitioner is a flight risk or danger. On the contrary, it appears Petitioner was complying with immigration authorities since she appeared at the immigration office as instructed, on the date she was re-detained. Furthermore, it does not appear Petitioner has been afforded a bond hearing; she alleges that upon her transfer to Adelanto, an Enforcement and Removal Operations (“ERO”) officer informed he that she does not have a right to a bond hearing and must remain in custody while the appeal of her removal order is pending. Dkt. No. 1 at 3.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner’s unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, “as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing.” *Cruz*, 2025 WL 4051129 at *4 (collecting cases). “[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.” *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, “any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most “minimal[.]’ ” *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3,

2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in her unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claim requesting a bond hearing. Nothing prevents Petitioner from raising this claim again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Order

For the foregoing reasons, the Petition is GRANTED under due process, and the remaining claim is dismissed without prejudice.

Petitioner Naidelyn Naholy Rivera-Flores (A# 221-357-742) is **ordered released** on her prior conditions of release within 24 hours of this Order.

**Respondents are ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: July 29, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge